UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF WISCONSIN**

**OCTAVIA WINTERS,**
*Plaintiff,*

v.

**FROEDTERT THEDACARE HEALTH, INC.,**
**FROEDTERT SOUTH, INC.,**
**CHILDREN'S HOSPITAL, INC. (d/b/a CHILDREN'S WISCONSIN),**
*Defendants.*

**Case No.:**

**COMPLAINT AND JURY DEMAND**

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 JUL 27 P 4: 30

CLERK OF COURT

26-C-1308

---

This action concerns the alleged unauthorized creation, alteration, transmission, and concealment of electronic health and insurance records involving Plaintiff and her minor child. Plaintiff seeks damages, declaratory relief, injunctive relief, and forensic access to audit trails and system metadata necessary to identify the users, timestamps, and database actions associated with the disputed records.

**I. JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction under **28 U.S.C. § 1331** because this action arises under the laws of the United States, specifically the **Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030**, and **42 U.S.C. § 1985**(Conspiracy to Interfere with Civil Rights).

2. This Court has supplemental jurisdiction over the state-law tort claims under **28 U.S.C. § 1367** because those claims arise from the same core set of operative facts as the federal claims.

3. Venue is proper in this district under **28 U.S.C. § 1391(b)** because the alleged unlawful acts, database intrusions, identity-theft activity, and record alterations occurred in whole or in substantial part within the Eastern District of Wisconsin.

---

**II. IDENTIFICATION OF PARTIES**

1. Plaintiff **Octavia Winters** is an individual residing in Milwaukee, Wisconsin. She is the biological mother and alleges that she is the sole legal custodian and sole placement guardian of the minor child, identified publicly herein only by the initials **JJGJ**. Plaintiff further alleges that from JJGJ's birth to the present, without interruption, all health insurance coverage, subscriber information, Medicaid and state benefit records, and related insurance case records for JJGJ have been maintained under Plaintiff's name, Plaintiff's state case, and Plaintiff's legal authority.

2. Defendant **Froedtert ThedaCare Health, Inc.** is a corporate healthcare network operating medical systems, backend infrastructure, and unified electronic databases across Wisconsin, including Milwaukee and Kenosha. Its registered agent for service is Paul Van Den Heuvel at 9200 W. Wisconsin Ave., Milwaukee, WI 53226.

3. Defendant **Froedtert South, Inc.** is a corporate healthcare network operating clinical hospital facilities and urgent care centers in Kenosha County, Wisconsin. Its registered agent for service is Richard O. Schmidt Jr. at 6308 8th Ave., Kenosha, WI 53143.

4. Defendant **Children's Hospital, Inc.** (doing business as **"Children's Wisconsin"**) is a healthcare corporation operating pediatric medical facilities in Milwaukee, Wisconsin.

5. All named corporate Defendants operate as interconnected, affiliated health providers sharing a unified network infrastructure, overlapping electronic medical record systems, and database routing software.

## III. STATEMENT OF FACTS

### A. Non-Patient Status and Absence of Clinical Relationship

1. Plaintiff Octavia Winters and her minor child, **JJGJ**, are not, and have never been, patients of Defendant Froedtert ThedaCare Health, Inc. or Defendant Froedtert South, Inc.

2. Neither Plaintiff nor her minor child possess any care history, active clinical relationships, or authorized medical records within those networks.

3. Minor child **JJGJ**'s exclusive historical healthcare provider was Defendant Children's Wisconsin. **JJGJ** has not had an authentic medical visit at a Children's Wisconsin

facility since January 29, 2026. Plaintiff has formally ceased all affiliations with Defendant Children's due to bad-faith interference with active legal matters.

## B. The Fabricated "Ghost" Urgent Care Encounter (July 6, 2025)

1. Plaintiff alleges that the urgent care medical record dated July 6, 2025 was created without an actual clinical encounter. No clinical visit occurred. The minor child, **JJGJ**, was not roomed, triaged, evaluated, or seen by any physician, nurse practitioner, or other clinician in connection with that record.

2. On July 6, 2025, at approximately 3:21 PM, Plaintiff alleges that an internal employee of the Froedtert network used employer-issued administrative credentials to access the electronic database and check **JJGJ** in for an urgent care encounter that Plaintiff contends never occurred.

3. The internal employee manually altered the master database profile to remove Plaintiff Octavia Winters. The employee falsely entered an unauthorized individual into the system as the mother and legal guardian of **JJGJ**, knowingly violating a standing restraining order and sole custody injunction.

4. The employee ran a fraudulent medical insurance claim against Plaintiff's state-backed UnitedHealthcare Community Plan Medicaid policy to fund the encounter, utilizing non-public subscriber identifiers ending exclusively in **552**. The minor's true Medicaid number and healthcare account routing codes remain highly confidential and completely concealed from public view.

5. Despite the alleged absence of prior medical history in the relevant system, an allegedly blank diagnostic record, and no physical contact with the child during the disputed encounter, Defendants generated psychiatric prescription records for Quetiapine for the minor child. Plaintiff alleges that such prescribing activity was inconsistent with the lack of an examination and the absence of an authentic urgent care visit.

## C. Hacking, System Retaliation, and Cyber-Breach of State Insurance Accounts

1. On July 6, 7, and 8, 2025, Plaintiff directly notified clinic staff and corporate administration of the internal employee breach, identity theft, and insurance fraud.

2. On July 8, 2025, at 1:41 PM, Plaintiff emailed administration verified legal documentation establishing her sole custody rights, legal authority, and identity, including active custody documentation, a restraining order, JJGJ's birth certificate identifying Plaintiff as his legal mother, and Plaintiff's valid driver's license. The Health Information Management department verified receipt and granted Plaintiff

3

MyChart proxy access at 2:40 PM. Defendants therefore had actual notice that Plaintiff was JJGJ's legal mother, sole legal custodian, sole placement guardian, and the only person with legal authority or right to make medical decisions for the minor child JJGJ.

3. Plaintiff further alleges that from the minor child's birth to the present, without interruption, all health insurance coverage, subscriber information, Medicaid and state benefit records, and related insurance case records for JJGJ have been maintained under Plaintiff's name, Plaintiff's state case, and Plaintiff's legal authority.

4. On July 11, 2025, after Plaintiff provided fraud notices, Plaintiff alleges that Defendants or persons acting in concert with them accessed Plaintiff's protected UnitedHealthcare member-services and state-backed insurance accounts without authorization.

5. Plaintiff alleges that this unauthorized access involved records and account information belonging to both Plaintiff and the minor child, JJGJ, including Plaintiff's state-backed insurance case records, protected member-services account information, subscriber identifiers, and JJGJ's electronic health, insurance, and identity records.

6. Through this unauthorized access, Defendants intercepted Plaintiff and **JJGJ**'s personal health information and state case details. They manually altered Plaintiff's legal last name string to "Winters-Maniece" on the back-end database to disrupt identity-matching rules and block account synchronization.

7. Plaintiff alleges that Defendants used the accessed data to create an online insurance account for **JJGJ** under Plaintiff's name without Plaintiff's authorization. Plaintiff further alleges that the account was used to alter system records, modify demographic information, and access private digital insurance-card assets.

8. By misrepresenting themselves as authorized agents and using Plaintiff's stolen case information, Defendants successfully ran over $1,000 worth of fraudulent pharmacy prescriptions through Plaintiff's account.

9. Plaintiff alleges that Defendants or persons acting in concert with them submitted a high volume of fraudulent claims for diabetic medical products through Plaintiff's insurance account. Plaintiff further alleges that the volume and nature of those claims caused or contributed to system flags, account disruption, and the loss or suspension of state insurance coverage.

**D. Factual Proof of Tampering: The Multi-Date Document Download Audit Trail**

1. The ongoing, active layout manipulation and medical record tampering has persisted for a full calendar year—from July 6, 2025, continuously through to the present date. Over the course of this year, Defendants have repeatedly re-accessed, modified, backdated, and edited the minor child's network files.

2. Plaintiff holds direct physical proof of this record manipulation through a series of original documents downloaded across separate dates from both Froedtert South and Froedtert ThedaCare systems. Comparing these multi-date downloads reveals text overrides, structural layout changes, and disappearing signature blocks on the exact same file:

   - **The July 6, July 7, and July 8, 2025 Downloads:** Records pulled immediately following the incident capture the initial intake file format, showing an active front-desk registration box and the handwritten footprint of the system user.

   - **The July 29, 2025 Download:** When Plaintiff demanded records following her fraud reports, the layout completely stripped out the intake signature block containing the electronic footprint of the internal user. Concurrently, a manual block was placed on Plaintiff's digital access, displaying an "Oops! Your healthcare provider has restricted your access" wall to hide database activity logs.

   - **The August 2025 Downloads:** Multiple records pulled on separate dates across August 2025 expose backend modifications as Defendants tried to retroactively link outside histories to mask the lack of a clinical exam.

   - **The 2026 Downloads:** Records printed throughout the current year demonstrate that the database is actively altering historical fields. On these newer printouts, fields like the patient's age calculation and prescription active/expired flags have changed text strings, proving that the electronic file remains live and subject to ongoing network manipulation.

3. Months after the disputed encounter was flagged, Plaintiff alleges that Defendants **Froedtert ThedaCare Health, Inc., Froedtert South, Inc.,** and **Children's Wisconsin** used their corporate affiliations and shared record systems to exchange information and permit after-the-fact access to records involving Plaintiff and **JJGJ**.

4. Plaintiff alleges that, after the fact, these affiliated institutions shared information and permitted access across their systems so records could be altered, backdated, modified, edited, or linked in a way that made it appear as though **Jerrell Griffin Sr.** had been associated with records, accounts, visits, care history, or historical files that he had not been part of when those records were originally created.

5

5. **Plaintiff specifically alleges that Defendant Children's Wisconsin's role was not based on an original Froedtert urgent care visit, but on after-the-fact record sharing, proxy-access activity, and backdating activity. Plaintiff alleges that Children's Wisconsin permitted or assisted with making it appear that Jerrell Griffin Sr. was part of medical records, accounts, proxy access, visits, care history, or historical files that he was not originally part of and had not participated in before the alleged data breach and alterations. Plaintiff further alleges that proxy access was given or permitted in a manner that allowed Jerrell Griffin Sr. to access charts and that the system was then altered to add, link, or associate him with records he previously had no access to and was never originally part of.**

6. Plaintiff alleges that she immediately noticed the appearance of **Jerrell Griffin Sr.** in proxy access, chart access, account history, or record associations where he had not previously appeared. Plaintiff promptly notified Defendants that the after-the-fact addition, linking, or association of Jerrell Griffin Sr. with records, accounts, charts, visits, or care history was improper and unlawful, particularly because active legal disputes were ongoing. Plaintiff further advised Defendants that permitting or assisting such after-the-fact record alterations could interfere with those legal matters and that Plaintiff intended to pursue legal action.

7. Plaintiff also requested a HIPAA audit trail and related access-log information from Defendants, including records showing who accessed the charts, when proxy access was granted or used, and what system changes were made. Plaintiff alleges that, to date, she has not received the requested HIPAA audit trail or complete access-log information from Froedtert.

8. Throughout this timeline, Plaintiff presented the allegedly mismatched documents to corporate administration. Plaintiff alleges that Defendants concealed the internal employee's access footprint, denied Plaintiff access to a HIPAA audit trail, and stated in recorded conversations that they would not disclose the disputed activity because of employee and business interests rather than the interests of the minor child.

## IV. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (CFAA)

**[18 U.S.C. § 1030]**

30. Plaintiff realleges paragraphs 1 through 29.

31. Defendants knowingly, intentionally, and without authorization accessed protected

 

computer networks, including electronic health databases, state benefit accounts, private insurance portals, and protected records and account systems belonging to both Plaintiff and the minor child, JJGJ. Plaintiff alleges that Defendants used this access over a continuous one-year period to alter identity records, execute unauthorized pharmacy transactions over $1,000, and flood the system with fraudulent product claims to disable coverage.

32. These actions exceeded authorized access and caused Plaintiff loss and damage, including unauthorized access to and use of Plaintiff's protected insurance and state-benefit records, unauthorized access to and alteration of JJGJ's electronic health and insurance records, pharmacy transactions exceeding $1,000, disruption of insurance access, investigation and remediation time, compromise of the minor child's health identity, and related emotional distress.

## COUNT II: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS / OBSTRUCTION OF JUSTICE

### [42 U.S.C. § 1985(2)]

33. Plaintiff realleges paragraphs 1 through 29.

34. Defendants Froedtert ThedaCare Health, Inc., Froedtert South, Inc., and Children's Wisconsin coordinated and acted in concert to alter official medical data, edit or backdate files over a one-year period, transmit or share non-patient records across affiliated networks without consent, and add, link, or maintain **Jerrell Griffin Sr.** on records, accounts, proxy access, visits, care history, or historical files he was not originally part of and had not participated in before the alleged data breach and alterations.

35. Plaintiff alleges that this conduct was intended to create or maintain a false medical history, affect ongoing state-court legal proceedings, and interfere with Plaintiff's civil rights and familial privacy interests.

## COUNT III: CORPORATE NEGLIGENCE AND FAILING TO REMEDIATE AFTER NOTICE

### [Supplemental State Law Claim / Wis. Stat. § 893.80 Baseline]

36. Plaintiff realleges paragraphs 1 through 29.

37. Corporate Defendants owed duties to implement and enforce reasonable data safeguards, verify legal parental authority before altering or relying on guardianship information, investigate reported unauthorized access, and correct or remediate known inaccuracies in records under their control.

38. Defendants allegedly breached those duties by allowing an employee session to alter a minor child's identity records, failing to audit unauthorized backend modifications, and failing to correct or remediate the alleged breach after receiving notice.

Plaintiff requests that Defendants preserve all electronic health record audit logs, access logs, user-session metadata, prescription transaction records, insurance-claim records, portal-access records, communications, internal investigation materials, and database-change histories concerning Plaintiff, JJGJ, the disputed July 6, 2025 encounter, and any later modification, transmission, access, or use of related records.

## V. PRAYER FOR RELIEF (DEMAND FOR SUBSTANTIAL MONEY DAMAGES)

Plaintiff respectfully requests judgment against Defendants and demands the following relief, requesting **substantial maximum financial compensation** to be determined by a jury at trial:

- **Substantial Compensatory Financial Damages:** A financial award against all corporate Defendants, jointly and severally, for alleged emotional distress, privacy violations, unauthorized portal access, identity theft, pharmacy fraud over $1,000, and the alleged year-long alteration, backdating, and editing of medical and insurance records affecting Plaintiff and her household;
- **Substantial Punitive and Exemplary Financial Damages:** Punitive and exemplary damages against corporate Defendants for alleged willful, wanton, or bad-faith conduct, including alleged database tracking, affiliated file editing, concealment of insider fraud, and failure to protect the minor child's records and interests;
- **Declaratory Relief:** A formal court order declaring that the July 6, 2025 urgent care record, and all secondary record modifications, additions, or backdated entries generated over the year following it, are fraudulent, null, and void;
- **Injunctive Relief:** An order compelling Defendant Children's Wisconsin and its affiliates to permanently remove or correct all unverified, altered, backdated, non-existent, or cross-network files from **JJGJ**'s historical profile and cease unauthorized data sharing regarding Plaintiff's family unit;

- **Forensic Access Order:** An order compelling the immediate, unedited release of all backend Electronic Health Record system audit trails, millisecond user logs, and database access metadata logs across all named affiliated systems covering the entire year of activity;

- Any further financial or equitable relief the Court deems just and proper.

Dated: July 27, 2026.

Respectfully submitted,

8

**Octavia Winters, Pro Se**
P.O. Box 240362
Milwaukee, WI 53224



9 of 9 pages