OCTAVIA WINTERS,

        Plaintiff,

Case No. 26-cv-1308-bhl

   v.

FROEDTERT THEDACARE HEALTH INC,
FROEDTERT SOUTH INC and CHILDERN'S
HOSPITAL INC,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

On July 27, 2026, Plaintiff Octavia Winters, proceeding without an attorney, filed a complaint against Froedtert ThedaCare Health Inc, Froedtert South Inc., and Children's Hospital Inc. (ECF No. 1.) She also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP).[1] (ECF No. 2.)

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Winters's affidavit does not provide sufficient information about her financial situation to grant her IFP motion. (ECF No. 2.) She inconsistently represents both that she is unmarried and that her spouse is employed. (*Id.* at 1.) She lists herself as providing "100%" support for two minor dependents but simultaneously indicates that she provides $320 month in child support for one dependent, suggesting that she does not have full time custody and does not provide "100%" of the child's support. (*Id.*) She further reports that her monthly income "varies" and that she is employed by "Shiftkey PRN." (*Id.* at 2.) She receives between $500 and $700 in Foodshare benefits monthly and receives "100%" Medicaid benefits (it

---

[1] Winters has filed three other cases in this district and was granted leave to proceed IFP in those cases. *See Winters v. Officer Rivera*, 25-cv-1802-bhl (E.D. Wis. Nov. 17, 2025); *Winters v. Detective Kukowski,* Case No. 25-cv-1804-bhl (E.D. Wis. November 17, 2025); *Winters v. Judge Kerkman*, 26-cv-0173-bhl (E.D. Wis. Feb. 2, 2026).

is not clear what that means).  (*Id.*)  She also reports paying no rent, having no car payment, making no credit card payments, and incurring no other monthly household expenses.  (*Id.* at 2–3.)  She does not provide a total of her monthly expenses, writing only "NA."  (*Id.* at 3.)  She states that she has no checking, savings, or cash, and no other property of value.  (*Id.* at 3–4.)

Winters's declaration is insufficient to support her motion.  Without an accurate report of Winters's monthly income and expenses, the Court cannot assess whether she is indigent.  Simply stating that her income "varies" is not enough and the various inconsistencies in the filing are also troubling.  Because her affidavit does not contain sufficient evidence to establish whether she is indigent, the Court will deny her motion to proceed IFP without prejudice.  *See* 28 U.S.C. §1915(a)(1); *see also Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980).  The Court reminds Winters that if she makes knowingly false representations in her affidavit, she may be subject to sanctions.  If Winters wishes to continue her case, she must either renew her motion with a more complete affidavit or pay the filing fee by **August 31, 2026**.  If she does not do so, the Court will dismiss her case for failure to prosecute.  *See* Civil L.R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that Winters's Motion to Proceed IFP, ECF No. 2, is **DENIED without prejudice**.  Winters must either renew her motion to proceed IFP, and provide a more complete affidavit, or pay the filing fee by **August 31, 2026**.  If Winters does not renew her motion or pay the filing fee, her case will be dismissed for failure to prosecute, pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin on July 31, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge