UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OCTAVIA WINTERS,

Plaintiff,

Case No. 26-cv-1308-bhl

v.

FROEDTERT THEDACARE HEALTH INC,
FROEDTERT SOUTH INC and CHILDREN'S
HOSPITAL INC,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE AND DENYING PLAINTIFF'S MOTION TO REASSIGN CASE**

---

On July 27, 2026, Plaintiff Octavia Winters, proceeding without an attorney, filed a complaint against Froedtert ThedaCare Health Inc, Froedtert South Inc., and Children's Hospital Inc. (ECF No. 1.) She also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP).[1] (ECF No. 2.) The Court denied her motion to proceed IFP without prejudice because her affidavit did not provide sufficient information about her financial situation to grant her IFP motion. (ECF No. 6.) Then, without filing an actual notice of appeal, Winters filed a motion for leave to appeal without prepayment of the filing fee. (ECF No. 7.) In the affidavit supporting that request, Winters did not identify any issues she intended to raise on appeal despite the appellate rule requiring her to do so. (ECF No. 7 at 1); Fed. R. App. P. 24(a)(1)(C) (A party seeking to proceed IFP "must attach an affidavit that . . . states the issues that the party intends to present on appeal.").

This case has not proceeded on the merits and no issues of substance have been resolved. The Court's only order denied Winters's prior request to proceed IFP and did so without prejudice.

---

[1] Winters has filed three other cases in this district and was granted leave to proceed IFP in those cases. *See Winters v. Officer Rivera*, 25-cv-1802-bhl (E.D. Wis. Nov. 17, 2025); *Winters v. Detective Kukowski,* Case No. 25-cv-1804-bhl (E.D. Wis. November 17, 2025); *Winters v. Judge Kerkman*, 26-cv-0173-bhl (E.D. Wis. Feb. 2, 2026).

(ECF No. 6.) Given that Winters has not identified any issues she seeks to challenge in an appeal, the Court will interpret her latest motion as a renewed motion to proceed IFP in this Court.

As explained in the Court's prior order, the Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Winters has now submitted another affidavit, but it does support granting her leave to appeal IFP. (ECF No. 7.) She indicates she receives $1,200 in monthly wages, $320 in child support, and $570 in food share benefits monthly. (*Id.* at 2.) She supports two children. (*Id*. at 4.)_ She further indicates that she does not own a car or home. (*Id.* at 3–4.) She indicates she pays $800 in rent monthly, $200 in utilities, and lists no other expenses. (*Id.* at 4–5.) She indicates that she has no cash, and no funds in any bank accounts. (*Id.* at 3.)

Given the totality of the circumstances, Winters's affidavit does not support granting leave to appeal IFP. *See* 28 U.S.C. §1915(a)(1); *see also Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980). Winters indicates that her monthly income, *excluding* her food share benefits, still exceeds her reported expenses by $520. Accordingly, she has funds available to pay the costs for proceeding with a federal court lawsuit. The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. If she seeks to continue her lawsuit, she must pay the filing fee by November 2, 2026.

Winters has also filed a motion requesting that her case be reassigned to a new judge, asserting that because there "has already been an issue with this judge overseeing all [her] cases." (ECF No. 4.) She asserts this raises a conflict of interest. (*Id.*) The Court will interpret this as a motion for recusal. A federal judge shall disqualify himself from a proceeding, "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. §455(a)–(b)(1). In determining whether a judge must disqualify himself, "the question is whether a reasonable person would be convinced the judge was biased." *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis*., 991 F.2d 1249, 1255 (7th Cir. 1993). The negative bias or prejudice must be grounded in some personal animus or malice that the judge holds against the party seeking recusal, of the kind that a fair-minded person could *not* set aside when deciding a case. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Recusal is only required when actual bias or prejudice, which must arise from an extrajudicial source, is shown by compelling evidence. *Id.* (quoting *Liteky v. United States*, 520 U.S. 540, 555 (1994)). Winters

has not identified any supposed bias. She merely points out, correctly, that the Court has also been assigned her other cases. This motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Winters's Motion to Appeal IFP, ECF No. 7, which the Court construes as a renewed motion to proceed IFP in this Court, is **DENIED**. To continue her case in this Court, Winters must pay the filing fee by **November 2, 2026**. If Winters does not pay the filing fee, her case will be dismissed without prejudice for failure to prosecute, pursuant to Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that Winters's Motion to Reassign Case, ECF No. 4, is **DENIED**.

Dated at Milwaukee, Wisconsin on October 1, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge